**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X
**J & J SPORTS PRODUCTION, INC., as**
**Broadcast License of the May 5, 2007**
**De La Hoya/Mayweather Program**
                                        Index No.07 CV 8856

                    **Plaintiff,**        ANSWER & DEFENSES
-against-

**CLARISSA VASQUEZ, ET AL.**

              Defendant(s)
_____X

**DEFENDANTS, CLARISSA VASQUEZ, ET AL.,** by their attorney, Nestor Rosado, Esq., as for its verified answer, and defenses, of the plaintiff complaint states as follows:

**ANSWER**

1. Defendants deny all allegations in paragraphs **THREE**, **FOUR, NINE, TEN, NINETEEN, TWENTY, TWENTY-TWO, TWENTY-FOUR, TWENTY-SEVEN, THROUGH THIRTY, THIRTY-THREE, THIRTY-FIVE AND THIRTY-SIX,** of the complaint. The defendants did not transmit and/or intercept the plaintiff's transmission of the fight. The defendants did not have the capability to transmit and/or intercept the plaintiff's transmission of the fight.

2. Defendants do not have sufficient information to frame a response as to paragraphs **ONE,TWO, FIVE THROUGH EIGHT, ELEVEN THROUGH EIGHTEEN, TWENTY-ONE, TWENTY-THREE, TWENTY-FIVE, TWENTY-**

**SIX, THIRTY-ONE, THIRTY-TWO, THIRTY-FOUR, and THIRTY-SEVEN,** of the complaint and as to these paragraphs the defendants deny each and every allegation.

3. Defendants admit each and every allegation in paragraphs Six, of the verified complaint.

### DEFENSES

4. That the defendants were never personally served with a copy of the Summons and Verified Complaint commencing this action. The papers were left at the premises by giving a copy to a person who was not authorized to receive legal documents and the defendants never received a copy until they were served with a notice of default. This court does not have personal jurisdiction over the defendants, because service of the papers was never completed by the plaintiff.

5. That the defendants did not violate any of the laws alleged by the complaint and they did not interception of the broadcast. On the date of the alleged fight the restaurant was closed, but was open for a private party for the building superintendent.

6. That the defendants did not transmit the fight on the date and time alleged by the plaintiffs in their complaint.

Wherefore, it is respectfully requested that this court dismiss the plaintiff's action and enter judgment in favor of the

defendants for reasonable attorneys fees in the defense of this action and further relief as this court may deem just and proper.

Dated: New York, New York
       January 28, 2008

                                    _____
                                    Nestor Rosado, Esq.
                                    Attorney for Defendant(s)

**To: Lonstein Law Office, P.C.**
    **1 Terrace Hill, P.O. Box 351**
    **Ellenville, New York 12428**
    **Fax (845) 647-6277**